UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| A.S., <br><br> Plaintiff, <br><br> v. <br><br> THE UNIVERSITY OF PUGET SOUND and S.W., <br><br> Defendants. <br><br> S.W., <br><br> Counter-Claimant and Cross-Claimant, <br><br> v. <br><br> A.S. and THE UNIVERSITY OF PUGET SOUND, <br><br> Counter-Defendant and Cross-Defendant. | CASE NO. C17-5985 BHS <br><br> ORDER GRANTING IN PART AND DENYING IN PART COUNTER-DEFENDANT'S MOTION TO DISMISS AND GRANTING COUNTER-CLAIMANT LEAVE TO AMEND |

This matter comes before the Court on Plaintiff and Counter-Defendant A.S.'s motion to dismiss (Dkt. 21). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

ORDER - 1

# I. PROCEDURAL HISTORY

On October 26, 2017, A.S. filed a complaint against Defendants the University of Puget Sound ("UPS") and S.W. asserting four claims as follows: (1) assault/battery against S.W.; (2) false imprisonment against S.W.; (3) a violation of the Washington Law Against Discrimination against USP; and (4) a violation of Title IX against UPS. Dkt. 2 at 5–17.

On December 21, 2017, S.W. answered the complaint and filed counterclaims against A.S. and crossclaims against UPS. Dkt. 13. S.W.'s two counterclaims are as follows:

> 1. (**Tortious Interference of Business Relationship**): By and through Plaintiff's actions, Plaintiff caused defendant S.W. economic harm by tortuously interfering in any past, present, or future, business relationship that defendant S.W. had or has with multiple entities, including but not limited to: UPS, his fraternity, his athletic team, his work with children in poverty-stricken communities, his past, current and future employers and/or potential employers, and his past, current and future academic institutions and/or potential academic institutions.
> 2. (**Attorney Fees**) By and through her actions, Plaintiff has caused defendant S.W. to incur reasonable and necessary attorney fees and costs in defending himself in the UPS proceedings, and in this matter.

*Id.* at 22.

On January 10, 2018, A.S. moved to dismiss S.W.'s counterclaims. Dkt. 21. On January 29, 2018, S.W. responded. Dkt. 23. On February 2, 2018, A.S. replied. Dkt. 25.

# II. DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*,

901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, A.S. moves to dismiss S.W.'s counterclaims based on the absence of sufficient factual allegations to support the claims. Dkt. 21. The Court agrees with A.S. Although S.W.'s answer provides numerous factual allegations detailing the encounter between A.S. and S.W., UPS's disciplinary proceedings, and the results of those proceedings, S.W. fails to provide any factual allegations supporting the alleged business relationships, A.S.'s knowledge of all such relationships, or the causation element of the asserted tort. Therefore, the Court grants A.S.'s motion.

In the event a court finds that dismissal is warranted, the court should grant the party leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). S.W. requests leave to amend to correct the deficiencies in his claims. Dkt. 23 at 17–18. A.S. opposes this request in conclusory fashion without support. Dkt. 25 at 5. Based on the record, the Court is unable to conclude that any amendment would be futile and grants S.W. leave to amend.

### III. ORDER

Therefore, it is hereby **ORDERED** that A.S.'s motion to dismiss (Dkt. 21) is **GRANTED in part** and **DENIED in part** and S.W. is **GRANTED** leave to amend. S.W. shall file amended counterclaims no later than March 2, 2018.

Dated this 22nd day of February, 2018.

BENJAMIN H. SETTLE
United States District Judge